UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, M-TEK
DEVELOPMENT, LLC, and TF
DECATUR LLC,

                    Plaintiffs,

      -against-

MIDVALE INSURANCE COMPANY,

                    Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 21-CV-3364-FB-MMH

*Appearances:*
*For the Plaintiffs:*
DAN D. KOHANE
RYAN P. MAXWELL
Hurwitz Fine, P.C.
424 Main Street
Buffalo, New York 14202

*For the Defendant:*
ROBERT J. COSGROVE
Wade Clark Mulcahy LLP
180 Maiden Lane, Suite 901
New York, New York 10038

**BLOCK, Senior District Judge:**

      In this diversity action, Certain Underwriters at Lloyd's, London ("Lloyd's"), M-Tek Development, LLC ("M-Tek"), and TF Decatur LLC ("TF Decatur) seek a declaration that Midvale Insurance Company ("Midvale") has a duty (1) to defend M-Tek and TF Decatur in a state-court action, and (2) to reimburse defense costs already incurred in that action. Both parties move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the

1

following reasons, the Court concludes that M-Tek and TF Decatur are entitled to summary judgment, but that Midvale is entitled to summary judgment as to Lloyd's.

# I

The following facts are taken from the parties' Rule 56.1 statements and supporting documents. They are taken as true for present purposes.

TF Decatur owns an eight-unit residential building in Bushwick, Brooklyn. In August 2018 it hired M-Tek to serve as general contractor on a construction project at the premises. M-Tek, in turn, hired Arevalos Construction Corp. ("Arevalos") as a subcontractor on the project.

On February 1, 2019, Luis Parra, an employee of Arevalos, was working at the construction site when he tripped and fell. He sued TF Decatur and M-Tek in state court for common-law negligence and violations of the New York Labor Law. M-Tek later filed a third-party complaint seeking indemnification from Arvelos.

Lloyd's has provided a defense to both M-Tek and TF Decatur in the state-court action pursuant to a commercial general liability policy held by M-Tek; TF Decatur is an additional insured on the policy. However, the subcontract between Arevalos and M-Tek requires Arvelos to maintain liability insurance covering M-Tek and TF Decatur. Thus, Midvale issued a commercial general liability policy to

Arvelos. The policy was in effect at the time of Parra's accident and names M-Tek and TF Decatur as additional insureds. The policy includes coverage for "insured contracts," like the subcontract between Arvelos and M-Tek, but excludes coverage for workers' compensation liability and Arvelos's liability for workplace injuries to its employees. In addition, it excludes coverage for construction operations at a "multi-unit residential building," which is defined as "condominiums, townhouses, apartments, dormitories or similar structures that have more than four (4) units built or used for the purposes of residential occupancy." Lloyd's 56.1 Stmt., Ex. A at 50.

Arvelos and TF Decatur first tendered the defense of Parra's suit to Midvale on July 17, 2019. M-Tek did the same on September 24, 2019. Midvale denied coverage based on the worker's compensation and employer's liability exclusions; its denial did not cite the multi-unit exclusion.

TF Decatur made a second tender on May 12, 2020. M-Tek made a second tender on December 17, 2020. Midvale again denied coverage without mentioning the multi-unit exclusion.

On October 18, 2021, Midvale sent a letter to Arvelos only in which it agreed to defend Arvelos against M-Tek's indemnification claim subject to a reservation of rights. Specifically, Midvale reserved the right to invoke the worker's compensation and employer's liability exclusions, and—for the first

3

time—also invoked the multi-unit exclusion, as well as an exclusion for installation of a "exterior insulation and finish system."

While agreeing to defend Arvelos, Midvale has not changed its position regarding coverage for M-Tek and TF Decatur. This lawsuit ensued.

## II

Like all commercial general liability policies, Midvale's policy with Arvelos creates two main duties: (1) a duty to indemnify the insured for sums it is legally obligated to pay a third party as damages and (2) a duty to provide the insured a defense in any suit seeking such damages. An additional injured is entitled to exactly the same coverage as a named insured. *See BP Air Conditioning Corp. v. One Beacon Ins. Group*, 8 N.Y.3d 708, 714-15 (2007) ("[T]he well understood meaning of the term [additional insured] is an entity enjoying the same protection as the named insured." (internal quotation marks omitted)).

In this case, it is undisputed that M-Tek and TF Decatur qualify as additional insureds. However, it is also undisputed that the multi-unit exclusion precludes coverage for Parra's accident. The question in this case is whether Midvale can rely on that exclusions.

All agree that New York law governs. Under section 3420(d)(2) of the state's Insurance Law, a liability insurer denying coverage for death or bodily injury "shall give written notice as soon as is reasonably possible or such

4

disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." "A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004) (quoting *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1029 (1979)). Moreover, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." *Gen. Acc. Ins. Grp. v. Cirucci*, 46 N.Y.2d 862, 864 (1979). A ground not raised in the denial letter may not be raised in subsequent litigation. *See id.*

Although the timeliness of a denial is generally a question of fact, "it is the responsibility of the insurer to explain its delay." *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 70 (2003). While some time for investigation is always allowed, unexplained or unexcused delays of more than 30 days are generally unreasonable as a matter of law. *See id.* at 69 (rejecting investigation into other insurance as acceptable reason for 48-day delay); *W. 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 736 N.Y.S.2d 34, 35 (1st Dep't 2002) (30-day delay was unreasonable as a matter of law because grounds for denial was apparent from complaint).

There were numerous tenders and responses in this case, but there was a

5

delay of 17 months between TF Decatur's second tender and Midvale's reservation of rights letter, and of 10 months between M-Tek's second tender and Midvale's letter. Even then, Midvale's letter was sent only to Arvelos. Although Midvale was undoubtedly allowed some time to investigate the nature of the accident and whether various exclusions applied, it has offered no reason why it reasonably took so long to discover that Parra was working on a multi-unit residential building. The Court has no difficulty concluding that the delay was unreasonable as a matter of law.

Midvale argues that the notice requirement of section 3420(d)(2) does not apply to "inter-carrier tenders," that is, situations where one insurer demands that another insurer provide a defense to their mutual insured. With respect to Lloyd's, Midvale is correct. "The purpose of § 3420(d) is to protect the insured, the injured person, and any other interested party who has a real stake in the outcome, from being prejudiced by a belated denial of coverage." *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 58=59 (1st Dep't 2005) (internal quotation marks omitted). "A review of the statutory language itself demonstrates that another insurer does not fall within the specified categories." *Id.* While Lloyd's argues that it is merely standing in the shoes of M-Tek and TF Decatur, that is not quite correct. M-Tek and TF Decatur are seeking a defense going forward, while Lloyd's is seeking to recover amounts it has already spent on that

6

defense. New York law recognizes that these interests are different: "It is clear that the notice requirement of § 3420(d) is designed to protect the insured and the injured person or other claimant against the risk, posed by a delay in learning the insurer's position, of expending energy and resources in an ultimately futile attempt to recover damages from an insurer or forgoing alternative methods for recovering damages until it is too late to pursue them successfully." *Id.* By contrast, one insurer's "ability to defend and/or indemnify [its insured] is not affected by a delay in learning of [the other insurer's] position." *Id.*

Although Midvale's "inter-carrier tender" argument is persuasive as to Lloyd's, it does not change that fact that M-Tek and TF Decatur, who made their own tenders to Midvale, are also plaintiffs in this action seeking to enforce their own right to a defense going forward. Section 3420(d)(2) plainly entitled them to prompt notice of Midvale's grounds for denying coverage.

### III

In sum, the Court concludes that Midvale may invoke the multi-unit exclusion against Lloyd's, but not against M-Tek and TF Decatur. Accordingly, M-Tek and TF Decatur are entitled to summary judgment on their claim for a declaratory judgment that Midvale has a duty to defend them in Parra's state-court action. On the other hand, since it is clear that the multi-unit exclusion precludes coverage, Midvale is entitled to summary judgment on Lloyd's claim for a

declaratory judgment that Midvale must reimburse it for defense costs already incurred. Within ten days of this memorandum and order, M-Tek and TF Decatur shall submit an appropriate declaratory judgment for the Court's signature.

**SO ORDERED.**

\_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 13, 2023